**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

CALVIN WOOLUM,

       Plaintiff,               :         Case No. 3:06-cv-253

                                    District Judge Thomas M. Rose
   -vs-                                Chief Magistrate Judge Michael R. Merz
                             :

MICHAEL W. WYNNE, Secretary
of the United States Air Force,

       Defendant.

**REPORT AND RECOMMENDATIONS**

This case is before the Court on Defendant's Motion to Dismiss (Doc. No. 6) which Plaintiff, who is proceeding *pro se*, has timely opposed (Doc. No. 8).  Defendant seeks dismissal under both Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure of the Complaint to state a claim upon which relief can be granted.

Federal courts are courts of limited jurisdiction; they can only hear the merits of cases over which Congress has granted them authority to preside.  Because the jurisdictional question is really a threshold matter, the Court elects to consider its jurisdiction first, rather than approaching the merits of the case by deciding whether the Complaint states a claim.  A court may not assume jurisdiction hypothetically and proceed to the merits "because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." *United States v. Webb,* 157 F.3d 451 (6th Cir. 1998), quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).  While the Court may construe a *pro se* plaintiff's pleadings liberally, it cannot extend its jurisdiction to consider a case just because the plaintiff is proceeding

1

*pro se*. *Kelley v. Secretary, U.S. Dept. of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Complaint in this case alleges that Paul Bracci, a person in management at the National Air Space Intelligence Center, defamed Plaintiff in the course of a criminal investigation in order to protect himself in "an A-76 study and to secure himself a position in management were [sic] he is today" (Complaint, Doc. No. 1, at 6.) Plaintiff claims that the investigation and eventual prosecution were malicious and that he was proved innocent at trial. He claims that Bracci is of Italian descent while Plaintiff is "white of German decent [sic]." *Id*. Plaintiff wants his claim of "malicious prosecution at WPAFB" aired to the public and to be able to cross-examine Bracci about his statements. *Id*. He wants a formal written apology from Bracci and for the Court to force the Air Force to terminate Bracci from his position, along with damages. *Id*. at 9.

Plaintiff has not sued Mr. Bracci, the person he accuses of wrong doing. Instead, he has sued the United States of America in the person of the Secretary of the Air Force. However, the United States, as sovereign, cannot be sued without its consent. *United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990). Under the doctrine of sovereign immunity, the federal courts do not have jurisdiction over a claim against the United States (including agencies of the Executive Branch) unless there is an express Congressional waiver of sovereign immunity. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981); *United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976); *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 69 S. Ct. 1457, 93 L. Ed. 1628 (1949). The courts may not enlarge the waiver beyond the express statutory language. *United States Department of Energy v. Ohio*, 503 U.S. 607, 614-616, 112 S. Ct. 1627, 118 L. Ed. 2d 255 (1992). Moreover, any waiver of sovereign immunity must be strictly construed in favor of the United States. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992). *Library of Congress v. Shaw,* 478 U.S. 310, 318, 106 S. Ct. 2957, 92 L. Ed. 2d 250 (1986), *citing Ruckelshaus v. Sierra Club*, 463 U.S.

680, 685-6, 103 S. Ct. 3274, 77 L. Ed. 2d 938 (1983).

While the United States has consented to be sued for some of the torts of its employees in the Federal Tort Claims Act, it requires as a prerequisite that a plaintiff make an administrative claim. *Sellers v. United States,* 870 F. 2d 1098, 1101 (6th Cir. 1989); *Douglas v. United States,* 658 F.2d 445, 447 (6th Cir. 1981). The Declaration attached to the Motion to Dismiss shows that a search of the relevant records reveals no such claim by Plaintiff and he does not dispute that in his memorandum in opposition.

Plaintiff asserts in his Memorandum in Opposition (entitled Motion Not to Dismiss) that he followed all of the required EEOC procedures before bringing this case and he claims Mr. Bracci is a racist. However, following EEOC procedures is not sufficient to allow one to bring a Tort Claims case after the completion of the administrative process.[1] As Defendant notes, the fact that Mr. Bracci may be of Italian descent and the Plaintiff of German descent does not make a defamation case into a discrimination case.

This case should be dismissed without prejudice for lack of subject matter jurisdiction.

November 21, 2006.

s/ Michael R. Merz<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for

---

[1] The Court also notes that Plaintiff has not provided the Court with any proof he received a right to sue letter from the EEOC.

the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).