## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

CALVIN WOOLUM,

              Plaintiff,             :        Case No. 3:06-cv-253

                                            District Judge Thomas M. Rose

      -vs-                           Chief Magistrate Judge Michael R. Merz

                              :

SECRETARY OF THE AIR FORCE,

              Defendant.

---

### REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Motion to Dismiss (Doc. No. 6).

At first it appeared to the Court and Defendant that Plaintiff was attempting to pursue a Federal Tort Claims Act claim (e.g., slander or malicious prosecution) for which he had not exhausted required administrative remedies and the Magistrate Judge recommended dismissal on that basis (Report and Recommendations, Doc. No. 9).  Plaintiff objected and advised the Court he was pursuing an employment discrimination claim under Title VII instead (Objection, Doc. No. 10).  The Magistrate Judge then withdrew the Report and Recommendations and directed the Defendant to file a reply memorandum which responded to the Objections (Doc. No. 11).  Defendant has now done so (Response, Doc. No. 12).  Thus the Motion to Dismiss is ripe for decision on the various filings the parties have made.

Plaintiff is proceeding *pro se* in this civil rights case and is therefore entitled to liberal construction of his pleadings.  *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976), citing *Haines v. Kerner*, 404 U.S. 519 (1972). As best the Court understands Plaintiff's claims, they are that he was targeted for investigation with respect to an incident involving three co-workers because he is of

German-American descent and that the person responsible for targeting him is Paul Bracci, a management-level employee of Italian-American descent.  Plaintiff suffered the usual but burdensome consequences of being the target of a criminal investigation:  he was interrogated, charged, fingerprinted, and eventually tried for an alleged offense.  After this happened, Mr. Bracci received a promotion to a position for which Plaintiff asserts he is qualified.  Plaintiff asserts that what happened is "racial revenge discrimination": he was targeted because Mr. Bracci believed he had something to do with the early retirement of Rodger Menozzi, an Italian-American like Mr. Bracci, with respect to a conflict of interest over a shred machine that did not work.  He asserts that Mr. Bracci slandered him and is responsible for the slander.

Mr. Woolum made it very clear in response to the first Report and Recommendations that he considered this to be an employment discrimination case under Title VII.  To make certain that the consequences are that choice are clear, Plaintiff cannot sue Mr. Bracci or the United States for slander in a Title VII case.  Any sued for slander would have to be brought under the Federal Tort Claims Act and would have to be preceded by an administrative claim, which Mr. Woolum has not filed.

In his Objection, Plaintiff raised for the first time his claim that he was not promoted as a result of the national origin discrimination which he claims.  Defendant makes clear in his response that discrimination in promotion was never charged in the EEOC claim that Plaintiff  made.  Because Plaintiff  never pursued a claim before the EEOC with respect to discrimination in promotion, he cannot pursue that claim in this lawsuit.  Defendant also notes Plaintiff did not plead that he actually applied for the promotion, which Mr. Bracci received.  Under Title VII, a person cannot pursue in a lawsuit a claim which was not made before the EEOC.  Furthermore, a Plaintiff must be able to prove that he actually applied for the promotion which he claims someone else received as a result of discrimination.  Thus Plaintiff cannot pursue his claim of discrimination in

promotion in this lawsuit and that claim must be dismissed with prejudice.

Defendant asserts that the other injuries which plaintiff claims in this case – being subjected to a prosecution for an offense of which he was ultimately found not guilty – are not the sorts of adverse employment actions which are cognizable under Title VII.  That is, Plaintiff did not suffer any loss of pay, job change, assignment change, or any other material change in his working conditions as a result of the criminal charges.  Ordinarily, there must be some material adverse employment action before a person can bring a Title VII action.  *White v. Burlington Northern & Santa Fe Ry. Co.*, 364 F.3d 789 (6th Cir. 2004)(en banc), *reaffirming Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 885 (6th Cir. 1996).

Although the Court is unaware of any case law which would support a finding that the criminal investigation which occurred here was as an adverse employment action, it would not be unreasonable for a court to find that the injuries of which Plaintiff complains in fact are sufficiently adverse to come within the statute.  The question then must be whether Mr. Woolum can state a claim for national origin discrimination under Title VII on the basis of the facts which occurred in this matter.  The Court finds that he has not pled such a case.

To establish a case of national origin discrimination, Plaintiff would have to show that a similarly situated person who was not German-American was not subjected to the investigation and charges which Plaintiff suffered.  In this case, there were only two similarly situated persons, Mr. Woolum, and his coworker, who put the poster on the locker of the third coworker, whom they believed should not have complained about the ladder-pushing incident.  Both persons who placed the poster on the locker were investigated and charged.  Mr. Woolum has failed to allege that there were any other persons who could have been charged but were not, either because they were not German-American or because they were Italian like Mr. Bracci.  To put it another way, every person who could possibly have been charged with the incident, which the Air Force believed to have been

witness intimidation, was in fact investigated and charged. There were no other possible codefendants who either were charged because they were German-American or escaped prosecution because they were Italian. Therefore, even assuming that the criminal investigation and prosecution constitute adverse employment actions, Plaintiff cannot prove a prima facie case of employment discrimination here, because he cannot show any similarly situated persons who were not German-American received a benefit which he did not receive or avoided a penalty which he got.

Because Plaintiff cannot establish a case of discrimination on the basis of the fact that he has alleged, the Complaint in this case should be dismissed with prejudice.

December 20, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).